# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Vanessa Dundon, Jade Kalikolehuaokal Wool, Crystal Wilson, David Demo, Guy Dullknife, III, Mariah Marie Bruce, Frank Finan, Israel Hoagland-Lynn, and Noah Michael Treanor, on behalf of themselves and all similarly-situated persons,<br><br>　　　　　　　　Plaintiffs,<br><br>　　　vs.<br><br>Kyle Kirchmeier, Morton County, City of Mandan, Jason Ziegler, Stutsman County, Chad Kaiser, and Does 1-100,<br><br>　　　　　　　　Defendants. | **ORDER DENYING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Case No.: 1:16-cv-406 |

Before the Court is the Plaintiffs' "Motion for Temporary Restraining Order and Preliminary Injunction" filed on November 28, 2016. See Docket No. 2. The Plaintiffs seek a temporary restraining order pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, specifically requesting an order prohibiting the Defendants from using excessive force in responding to the pipeline protests and prohibiting the use of SIM, explosive grenades, chemical agents, sound cannons, directed energy devices, and water cannons or hoses, as a means of crowd dispersal. See Docket Nos. 2 and 14.

On November 28, 2016, the Plaintiffs filed a complaint, asserting claims of declaratory and injunctive relief; retaliation; unreasonable use of force; policies, customs, or practices; training, supervision, or discipline; and unequal protection of the law. See Docket No. 1. Plaintiffs also filed a motion for a temporary restraining order and preliminary injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, on November 28, 2016. See Docket No. 2.

Rule 65 of the Federal Rules of Civil Procedure, provides in relevant part as follows:

**(b) Temporary Restraining Order.**

**(1)** *Issuing Without Notice.* The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney <u>only if</u>:

**(A)** specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

**(B)** the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b) (emphasis added).

The Plaintiffs' counsel have failed to comply with Rule 65(b)(1) by failing to certify in writing any efforts made to give notice to the named Defendants. <u>See</u> Fed. R. Civ. P. 65(b)(1)(B). They have also failed to provide the reasons why they should not be required to give notice to the adverse parties. <u>See</u> Fed. R. Civ. P. 65(b)(1)(B). This is clearly a fact-specific case and, under the circumstances, the Court finds that notice to the adverse parties and an opportunity for them to respond and be heard is necessary. A temporary restraining order is an extraordinary remedy. <u>See</u> <u>Zidon v. Pickrell</u>, 338 F.Supp.2d 1093, 1094-95 (D.N.D. 2004). The movants' attorneys are required to comply with the minimum requirements of Rule 65(b) before a court may issue a temporary restraining order, and they have failed to do so.

Accordingly, the Plaintiffs' motion for a temporary restraining order is **DENIED**. Upon service of the complaint, preliminary injunction motion, and brief in support of the motion, the Defendants shall have fourteen (14) days to file a response to the Plaintiffs' preliminary injunction motion. D.N.D. Local R. 7.1(B). The Court will evaluate the necessity of a hearing once the motion for preliminary injunction has been fully briefed by the parties.

**IT IS SO ORDERED**.

Dated this 1st day of December, 2016.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, Chief Judge
United States District Court