# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Vanessa Dundon, et. al. | ) | |
| | ) | |
| Plaintiffs, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Kyle Kirchmeier, et. al., | ) | Case No. 1:16-cv-406 |
| | ) | |
| Defendants. | ) | |

The court held a telephone conference with the parties on December 21, 2016, to discuss a dispute over a proposed protective order. Part of the dispute involves what defendants propose to do in filing their response to plaintiffs' motion for preliminary injunction, which, unless extended was due on December 22, 2016. Defendants advise that they want to restrict the identity of one or more persons who will be providing affidavits in support of their response to "attorneys eyes only" in order to safeguard them from retaliation. In support, they have filed an affidavit in which it is claimed that a number of law enforcement officers, government officials, and their families have been threatened and in some cases harassed because of their involvement or the involvement of family members in dealing with the activities arising out of the protests over the Dakota Access Pipeline project. Plaintiffs object to keeping the names of the affiants confidential. While plaintiffs do not oppose an order that protects from public disclosure certain of the affiants' personal information (*e.g,* their addresses and telephone numbers), they contend (1) there is no legal basis for the relief that plaintiffs seek (including depriving the public of their right to know) and (2) the inability to discuss the names of the affiants with their clients and other witnesses will hinder their ability to prosecute their case.

1

Pursuant to its discussion with the parties on December 21, 2016, the court will take plaintiffs' objections under advisement. In the interim and until the court has an opportunity to rule, it is hereby **ORDERED**:

(1) Defendant shall have until December 23, 2016, to file a response to plaintiffs' motion for preliminary injunction.

(2) Defendants may, in support of their motions, file psuedoynmous affidavits in support of their response and otherwise redact any identifying information in their submissions.

(3) Defendants shall file under seal a "key" listing the identity of each affiant and their corresponding pseudonym as well as the original/unredacted affidavits. At this point, plaintiffs' counsel shall be afforded access to the "key" and original/unredacted affidavits but it shall be for their eyes only and they are not to disclose the identities of the affiants to anyone else, including their clients, unless and until this court orders otherwise.

(3) Plaintiffs and Defendants shall on or before January 6, 2017, file their proposed protective orders, including providing the undersigned's chambers an electronic version of the same in Word or WordPerfect format.

(4) Plaintiffs and defendants shall have until January 6, 2017, to file briefs supporting their positions with respect to whether the identities of any affiant's should remain confidential and any briefs in reply shall be filed on or before January 13, 2017.

(5) Plaintiffs shall have until January 9, 2017, to file a reply in support of their motion. If plaintiffs believe their ability to reply has been hindered by the inability to share

the identities of the affiants with their clients and others, they may request additional time, including until some reasonable time after the court rules on whether the identities of the affiants should be made public.

Dated this 22nd day of December, 2016.

                                                */s/ Charles S. Miller, Jr.*
                                                Charles S. Miller, Jr., Magistrate Judge
                                                United States District Court