**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| Vanessa Dundon, Jade Kalikolehuaokalani Wool, Crystal Wilson, David Demo, Guy Dullknife, III, Mariah Marie Bruce, Frank Finan, Israel Hoagland-Lynn, and Noah Michael Treanor, on behalf of themselves and all similarly-situated persons, | | |
| Plaintiffs, | | Civil No.: 1:16-cv-406 |
| vs. | | |
| Kyle Kirchmeier, Morton County, City of Mandan, Jason Ziegler, Stutsman County, Chad Kaiser, and Does 1-100, | | |
| Defendants. | | |

---

**ORDER CONVERTING DEFENDANTS' MOTION TO DISMISS INTO
MOTION FOR SUMMARY JUDGMENT AND DEFERRING RULING ON THE SAME,
GRANTING PLAINTIFFS' MOTION TO CONDUCT DISCOVERY, AND
FINDING AS MOOT PLAINTIFFS' MOTION FOR HEARING**

---

[¶1]     THIS MATTER comes before the Court on the Motion to Dismiss the Amended Complaint filed by the Defendants[1] on April 6, 2018. Doc. No. 135. The Plaintiffs[2] filed a Response in Opposition on April 27, 2018. Doc. No. 137. In the alternative, the Plaintiffs filed a Motion to Conduct Discovery pursuant to Federal Rule of Civil Procedure 56(d). Doc. No. 139.

---

[1] The term "Defendants" refers collectively to Kyle Kirchmeier, Morton County, City of Mandan, Jason Ziegler, Stutsman County, and Chad Kaiser.
[2] The term "Plaintiffs" refers collectively to Vanessa Dundon, Jade Kalikolehuaokalani Wool, Crystal Wilson, David Demo, Guy Dullknife, III, Mariah Marie Bruce, Frank Finan, Israel Hoagland-Lynn, and Noah Michael Treanor.

The Defendants filed a Reply in Support of the Motion to Dismiss on May 18, 2018. Doc. No. 143. For the reasons explained below, the Defendants' Motion to Dismiss the Amended Complaint is converted into a Motion for Summary Judgment and the Court will **DEFER RULING** on the same. For the same reasons, the Plaintiffs' Motion to Conduct Discovery Pursuant to Federal Rule of Civil Procedure 56(d) is **GRANTED**. Because the Court is fully apprised of the issues and finds a hearing is unnecessary, the Plaintiffs' Motion for Hearing is **DENIED AS MOOT**.

## BACKGROUND

[¶2]     On November 28, 2016, the Plaintiffs filed a Complaint asserting claims against all Defendants for (1) Retaliation under the First, Fourth, and Fourteenth Amendments to the United States Constitution; 42 U.S.C. § 1983; (2) Unreasonable Use of Force under the Fourth and Fourteenth Amendments to the United States Constitution; 42 U.S.C. § 1983; (3) [Unconstitutional] Policies, Customs, or Practices under the First, Fourth, and Fourteenth Amendments to the United States Constitution; 42 U.S.C. § 1983; (4) [Violations Resulting from] Training, Supervision, or Discipline under the First, Fourth, and Fourteenth Amendments to the United States Constitution; 42 U.S.C. § 1983; (5) Unequal Protection of the Law under the First, Fourth, and Fourteenth Amendments to the United States Constitution; and (6) Declaratory Relief under 28 U.S.C. § 2201. Doc. No. 1.

[¶3]     That same day, the Plaintiffs also filed a Motion for Temporary Restraining Order and Preliminary Injunction, seeking:

> an emergency order enjoining Defendants from curtailing their First and Fourth Amendment rights by using highly dangerous weaponry, including Specialty Impact Munitions (SIM, also known as Kinetic Impact Projectiles or KIP), explosive "blast" grenades, other chemical agent devices, and a water cannon and water hoses in freezing temperatures, to quell protests and prayer ceremonies associated with opposition to the Dakota Access Pipeline (DAPL).

Doc. No. 14, p. 1; see also Doc. Nos. 2, 13. The Plaintiffs submitted twenty (20) exhibits in support of this Motion. Doc. Nos. 14-1 – 14-20. These included a Washington Post article titled, "The Latest: Sheriff defends spraying protestors with water"; a press release from the Morton County Sheriff's Department titled "Protestors erect unlawful structures; should seek appropriate winter shelter,"; seventeen (17) declarations from individuals, including the named-Plaintiffs; and a Report by the Physicians for Human Rights titled "Lethal in Disguise: The health consequences of crowd-control weapons." Id.

[¶4]    On December 1, 2016, the Court denied the Plaintiffs' Motion for Temporary Restraining Order on the basis the Plaintiffs' counsel failed to comply with notice requirements under Federal Rule of Civil Procedure 65(b)(1) in that the Plaintiffs failed (1) to certify in writing they made efforts to give the Defendants notice, and (2) to provide reasons justifying why notice to the Defendants was not warranted. Doc. No. 16, p. 2. The Court noted because the matter "is clearly a fact-specific case . . . notice to the adverse parties and an opportunity for them to respond and be heard is necessary." Doc. No. 16, p. 2. The Court ordered that the Defendants file a Response to the Motion for Preliminary Injunction within fourteen (14) days after the Plaintiffs served them with the Complaint, Motion for Preliminary Injunction, its brief, and supporting documents. Doc. No. 16, p. 2.

[¶5]    The same day, the Plaintiffs filed a Motion to Reconsider the Order Denying the Temporary Restraining Order, asserting they complied with the notice requirements of Rule 65(b)(1). Doc. No. 17. They also noted they did not seek the issuance of an ex parte Order. Id. On December 8, 2016, the Court denied the Plaintiffs' Motion for Reconsideration, noting "the Court finds that notice to the adverse parties and an opportunity to respond and be heard is necessary." Doc. No. 31, p. 2 (emphasis in original).

3

[¶6]      On December 22, 2016, the Defendants submitted their Response to the Motion for Preliminary Injunction. Doc. No. 42. In support of the Response in Opposition, the Defendants attached numerous exhibits, including a map of the area in question, news releases, an emergency declaration by the Morton County Commissioners, criminal complaints, correspondence between officials, releases from the United States Army Corps of Engineers, an Executive Order by the President, and affidavits of law enforcement involved in the matter. Doc. Nos. 47, 61-1 – 61-11. The Plaintiffs filed their Reply Brief on January 23, 2017, attaching an additional twenty-nine (29) declarations of individuals, video clips of the November 20, 2016, incident, and information pertaining to crowd control policies. Doc. Nos. 81, 86, 91, 94. In the interim, on February 6, 2017, the Defendants filed a Motion to Dismiss the Complaint. Doc. No. 97.

[¶7]      On February 7, 2017, the Court denied the Plaintiffs' Motion for Preliminary Injunction. Doc. No. 99. The next day, the Plaintiffs filed an interlocutory appeal of the Order Denying the Motion for Preliminary Injunction. Doc. No. 102. On February 17, 2017, the Plaintiffs filed a Motion to Stay Proceedings Pending Interlocutory Appeal, which included staying the Defendants' Motion to Dismiss and their pending Response in Opposition. Doc. No. 106. On February 22, 2017, the Court granted the Motion to Stay Proceedings. Doc. No. 110. On November 14, 2017, the Eighth Circuit Court of Appeals affirmed this Court's denial of the Preliminary Injunction. Doc. Nos. 111-112.

[¶8]      This Court entered an Order Lifting the Stay on January 10, 2018. Doc. No. 113. The Court ordered the Plaintiffs to respond to the Defendants' Motion to Dismiss the Complaint by February 28, 2018. Doc. No. 113. However, the Plaintiffs requested the Court first consider their Motion for Leave to Amend the Complaint filed on February 1, 2018, as it would render the Defendants' Motion moot if granted. The Court granted the Plaintiffs' Motion to Amend the

Complaint on February 27, 2018, finding as moot the Defendants' Motion to Dismiss. Doc. No. 128. The Plaintiffs' filed a First Amended Complaint the same day. See Doc. Nos. 128-129.

[¶9]      The Amended Complaint alleges claims against all Defendants for: (1)[Violations of] the First Amendment (42 U.S.C. 1983); (2) Unreasonable Use of Force (Fourth and Fourteenth Amendments to the U.S. Constitutions; 42 U.S.C. § 1983); (3) Unequal Protection of Law; (4) Declaratory Relief (28 U.S.C. § 2201); (5) Assault and Battery; and (6) Negligence. Doc. No. 129, ¶¶151-177. The Plaintiffs also assert additional claims of (7) [Unconstitutional] Policies, Customs, or Practices under the First, Fourth, and Fourteenth Amendments to the United States Constitution; 42 U.S.C. § 1983, and (8) [Violations Resulting from] Training, Supervision, or Discipline under the First, Fourth, and Fourteenth Amendments to the United States Constitution; 42 U.S.C. § 1983. Doc. No. 129, ¶¶141-150.

[¶10]     The Defendants filed this Motion to Dismiss the Amended Complaint on April 6, 2018. Doc. No. 135. As part of its request for dismissal, the Defendants ask the Court to consider matters outside of the Amended Complaint, but which appear in the record, without converting the Motion to Dismiss into a Motion for Summary Judgment. Id.  The Plaintiffs respond that many of the items the Defendants request the Court to consider are not proper on a Motion to Dismiss, but request if the Court does consider these additional items and converts the Motion to Dismiss into a Motion for Summary Judgment that they be given an opportunity to conduct discovery pursuant to Federal Rule of Civil Procedure 56(d). Doc. No. 137.

## STANDARD OF REVIEW

[¶11]     Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates the dismissal of a

claim if there has been a failure to state a claim upon which relief can be granted. When considering a motion to dismiss under Rule 12(b)(6), the court must accept all well-pleaded factual allegations in the complaint as true. Detailed factual allegations are not necessary under the Rule 8 pleading standard, rather a plaintiff must set forth grounds of its entitlement to relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Aschcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 557). The determination of whether a complaint states a claim upon which relief can be granted is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. The court must consider whether the allegations set forth in the complaint "plausibly give rise to an entitlement to relief." Id. at 679. Dismissal will not be granted unless it appears beyond doubt the plaintiff can prove no set of facts entitling him to relief. Ulrich v. Pope Cty., 715 F.3d 1054, 1058 (8th Cir. 2013).

[¶12]    The court may generally only look to the allegations contained in the complaint to make a Rule 12(b)(6) determination. McAuley v. Fed. Ins. Co., 500 F.3d 784, 787 (8th Cir. 2007). "[I]n considering a motion to dismiss, the district court may sometimes consider materials outside the pleadings, such as materials that are necessarily embraced by the pleadings and exhibits attached to the complaint." Mattes v. ABC Plastics, Inc., 323 F.3d 695, 697 n.4 (8th Cir. 2003) (citing Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999)). However, if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Upon conversion to a motion for summary judgment, "[a]ll parties must be given a reasonable opportunity to present all the

material that is pertinent to the motion." Id.; Brooks v. Midwest Heart Grp., 655 F.3d 796, 800 (8th Cir. 2011).

[¶13]    Summary judgment is appropriate when the evidence, viewed in a light most favorable to the non-moving party, indicates no genuine issues of material fact exist and that the moving party is entitled to judgment as a matter of law.  Davison v. City of Minneapolis, Minn., 490 F.3d 648, 654 (8th Cir. 2007); see Fed. R. Civ. P. 56(a).  Summary judgment is not appropriate if there are factual disputes that may affect the outcome of the case under the applicable substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  An issue of material fact is genuine if the evidence would allow a reasonable jury to return a verdict for the non-moving party.  Id.

[¶14]    The Court must inquire whether the evidence presents a sufficient disagreement to require the submission of the case to a jury or whether the evidence is so one-sided that one party must prevail as a matter of law.  Diesel Mach., Inc. v. B.R. Lee Indus., Inc., 418 F.3d 820, 832 (8th Cir. 2005).  The moving party bears the responsibility of informing the court of the basis for the motion and identifying the portions of the record which demonstrate the absence of a genuine issue of material fact.  Torgerson v. City of Rochester, 643 F.3d 1031, 1042 (8th Cir. 2011).  The non-moving party may not rely merely on allegations or denials in its own pleading; rather, its response must set out specific facts showing a genuine issue for trial.  Id.; Fed. R. Civ. P. 56(c)(1). The court must consider the substantive standard of proof when ruling on a motion for summary judgment.  Anderson, 477 U.S. at 252.

## LEGAL DISCUSSION

### 1.  Defendants' Motion to Dismiss the Amended Complaint

[¶15]    The Plaintiffs filed the Amended Complaint in this matter on February 27, 2018. Doc. No. 129. In lieu of an Answer, the Defendants filed the instant Motion to Dismiss the Amended

Complaint on April 6, 2018. Doc. No. 135. The Defendants argue the Amended Complaint fails to state claims for relief, and in the event it does, the Defendants are entitled to qualified immunity. See generally Doc. No. 136. In support of its Motion to Dismiss, the Defendants assert the Court can rely upon facts embedded in previously filed documents and videos both parties submitted to the Court in relation to the Plaintiffs' previous Motion for Temporary Restraining Order and Preliminary Injunction without converting its Motion to Dismiss into a Motion for Summary Judgment. Doc. No. 136, pp. 3-17. These include affidavits of law enforcement officers, declarations of protestors, and videos of the November 20, 2016 event in question, among other documents.

[¶16]    In its response to the Motion to Dismiss, the Plaintiffs contend the Court can only take judicial notice of those facts not in the Amended Complaint that are "not subject to reasonable dispute." Doc. No. 137, p. 3. The Plaintiffs assert many of the facts the Defendants ask the Court to take judicial notice of are "subject to reasonable dispute, contradict the complaint, rely on documents such as press releases that are not the proper subject of judicial notice, and often misrepresent the material cited." Doc. No. 137, pp. 4-5. The Court agrees in some instances.

[¶17]    For example, the Defendants assert many of the facts outside of the Amended Complaint are those the Court can take judicial notice of pursuant to Federal Rule of Evidence 201(b). Rule 201(b) states the Court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2). The Defendants assert twenty-three (23) facts fit this category.

[¶18]    For instance, the Defendants ask the Court to take judicial notice of the fact that the "bridge remained closed to all public access on November 20," which would lend credence to their

argument that the Plaintiffs were trespassing. Doc. No. 136, p. 7, ¶17. The Plaintiffs refute the truth of this fact, noting the previously-filed press releases relied upon by the Defendants do not state the Bridge was closed to "all access," but rather they noted traffic was re-routed. Doc. No. 137; see also Doc. Nos. 59-2, 59-3. The Plaintiffs assert they believed the Bridge was open to pedestrian traffic, which they contend allowed them to lawfully exercise their First Amendment rights. Doc. No. 137. The parties clearly dispute if the Bridge was closed to the Plaintiffs on November 20, 2016, and the Court is not tasked at this stage with determining if the press releases weigh in favor of one interpretation over the other regarding the scope of the closure of the Bridge. This fact is not appropriate for judicial notice. Along with asking the Court to take judicial notice of facts that are clearly subject to reasonable dispute, the Defendants also request the Court to take judicial notice of legal conclusions, which the Court refuses to do. See Doc. No. 136, p. 7, ¶15 ("The Bridge and Highway 1806 at the location of the November 20 events at issue were not traditional public fora at any time prior to the DAPL protests, or during the protests.").

[¶19]    While the Court could continue a detailed analysis of whether the remaining requested twenty-one (21) facts are appropriate for judicial notice or if the numerous documents and videos previously filed by both parties in relation to the Plaintiffs' previous preliminary injunction motion fit into one of the acceptable categories of extrinsic evidence the Court may consider on a 12(b)(6) Motion, the Court finds it unnecessary to do so.

[¶20]    The Plaintiffs correctly point out that by citing to numerous matters outside of the Amended Complaint, the Defendants have placed the Court in such a position that it must convert the Motion to Dismiss into a Motion for Summary Judgment. Rule 12(d) of the Federal Rules of Civil procedure provides as follows:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for

> summary judgment under Rule 56. All parties must be given a reasonable
> opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d) (emphasis added).

[¶21]     However, summary judgment is only proper after the nonmovant has had an opportunity

to conduct discovery.  Iverson v. Johnson Gas Appliance Co., 172 F.3d 524, 530 (8th Cir. 1999).

In this case, discovery has yet to begin. The Defendants filed their Motion prior to filing their

Answer. Instead, the Defendants are requesting the Court to find none of the Plaintiffs' claims are

viable based on self-serving documents the Defendants previously provided and documents the

Plaintiffs provided in support of a different motion for different relief. Granting summary

judgment without giving the Plaintiffs the opportunity to choose the evidence they present and

confining their evidentiary support to information they previously filed in connection with a

different motion is not appropriate in this case. On this basis, a ruling on the converted Motion for

Summary Judgment will be deferred to allow the parties to conduct limited discovery pursuant to

Rule 56(d).

### 2.   Plaintiffs' Request to Conduct Discovery

[¶22]    "Although discovery need not be complete before a case is dismissed . . . Rule 56[d] allows

a party to request a delay in granting summary judgment if the party can make a good faith showing

that postponement of the ruling would enable it to discover additional evidence which might rebut

the movant's showing of the absence of a genuine issue of material fact." Johnson v. Moody, 903

F.3d 766, 772 (8th Cir. 2018) (citing Robinson v. Terex Corp., 439 F.3d 465, 467 (8th Cir. 2006)).

"To warrant time for additional discovery under Rule 56(d), the nonmovant must show: "(1) that

they have set forth in affidavit form the specific facts that they hope to elicit from further discovery,

(2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the

summary judgment motion." Id. (citation omitted). "Rule 56(d) does not condone a fishing

10

expedition where a plaintiff merely hopes to uncover some possible evidence of unlawful conduct." Id.

[¶23]   "If a nonmovant shows by affidavit or declaration, that for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d)(1)-(3). The purpose of this provision is to prevent the unfair or premature grant of summary judgment and the rule is to be applied liberally. Id.; U.S. ex.rel. Bernard v. Casino Magic Corp., 293 F.3d 419, 426 (8th Cir. 2002). A court considering a Rule 56(d) motion may deny summary judgment, grant a continuance, or make any other appropriate order. Fed. R. Civ. p. 56(d).

[¶24]   The Plaintiffs' counsel filed an "Affidavit in Support of Plaintiffs' Motion Pursuant to Rule 56(d)" on April 27, 2018. Doc. No. 138. Counsel attests if the Court converts the Motion to Dismiss into a Motion for Summary Judgment, the Plaintiffs will be "unable to present facts essential to justify their opposition to a motion for summary judgment, which would be an early filed motion in the absence of discovery." Id. at p. 1. Counsel further attests through "interrogatories, requests for production of documents, depositions, including Rule 30(b)(6) depositions, and third-party subpoenas," the following discovery may be retrieved which would allow the Plaintiffs to adequately respond to a Motion for Summary Judgment:

> including related to the veracity and credibility of the currently untested averments in the declarations of individual law enforcement officers; the timing, duration and character of any announcements or warnings issued by the police; the reach of any such warnings or announcements; the information in the possession of officers and command staff at the time decisions were made including the information flowing into and out from the Joint Operations Command Center including any running resume, logs, digital feeds or other information; identification of officers who used force and exploration as to law enforcement's allegations of conduct by individuals justifying actions against all those assembled including at other times; exploration of allegations of conduct by the crowd as unit; the nature and extent of collaboration

between the private unlicensed contractor TigerSwan and public law enforcement authorities; information provided or created by TigerSwan influencing or used by law enforcement; infiltration and surveillance of water protectors by TigerSwan and/or law enforcement including whether provocative actions were undertaken by persons in either an undercover or plainclothed capacity; the propriety of use of force, methods of force, and proper use of munitions; defendants' policies and practices, training, supervision and/or discipline; the existence of intent to suppress speech.

Doc. No. 138, pp. 2-3.

[¶25]   The Plaintiffs have provided sufficient information to warrant conducting limited discovery prior to the Court ruling on the merits of a Motion for Summary Judgment by the Defendants. The Court will also afford that same opportunity to the Defendants, who will be given the opportunity to file supplemental material at the close of limited discovery pursuant to a forthcoming expedited and truncated briefing schedule. The Court understands the sensitive nature of this lawsuit for all involved, but it must also ensure neither side is subjected to an unbridled fishing expedition.

[¶26]   Accordingly, both parties shall provide to the Court, and serve upon the other, a detailed list of the discovery each seeks. This includes a list of each individual to be deposed (not to exceed five (5) persons or entities), a list of each third-party intended to be subpoenaed (not to exceed two (2) persons or entities), a list of each individual or entity (not to exceed five (5) individuals or entities, including named parties) to be served with interrogatories and production of document requests (not exceed twelve (12) in total, including subparts), and a detailed list of any other discovery sought. This list shall be filed and served within seven (7) days of the date of this Order.

[¶27]   The Court will then review each submitted list and issue an Order outlining what discovery will be permitted for each party. After the issuance of the limited discovery order, the Court will schedule a status conference with the parties to address the scheduling order in this matter as it pertains to Motions for Summary Judgment and other pertinent deadlines.

## CONCLUSION

[¶28]    This Court is cognizant that "[g]ranting [a] defendant's motion to dismiss is 'a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice.'" Cottrell, Ltd. v. Biotrol Int'l, Inc., 191 F.3d 1248, 1251 (10th Cir. 1999). However, the Court also finds it a troublesome approach in this case to turn a blind-eye to information it was provided by both parties and has already reviewed and relied upon previously in denying one of the parties injunctive relief. On this basis, the Court believes in order to adequately address the merits of this case, the Court must be able to consider the evidence relevant to its adjudication. This requires converting the Defendants' Motion to Dismiss into a Motion for Summary Judgment and deferring ruling on the same in order to allow the parties to conduct limited discovery.

[¶29]    Accordingly, because ruling on the merits of a Motion for Summary Judgment in the absence of the parties conducting discovery would be premature, a ruling on the Defendants' Motion to Dismiss, converted into a Motion for Summary Judgment [Doc. No. 135], is **DEFERRED**. For the same reasons, the Plaintiffs' Motion to Conduct Discovery [Doc. No. 139] is **GRANTED**. Because the Court is fully apprised of the parties' arguments and law on the issues, the Plaintiffs' Motion for Hearing [Doc. No. 144] is **DENIED AS MOOT**.

[¶30]    **IT IS SO ORDERED.**

DATED September 10, 2020.

Daniel M. Traynor, District Judge
United States District Court

13