IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NORTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| VANESSA DUNDON, ET AL., | No. 1:16-cv-406 DMT-ARS |
| Plaintiffs, | **Plaintiffs' FRCP 56(d) Initial Discovery Plan** |
| v. | |
| KYLE KIRCHMEIER, ET AL., | |
| Defendants. | |

In compliance with this Court's September 10, 2020, Order, Plaintiffs submit the following proposed initial limited discovery plan pursuant to Fed. R. Civ. P. 56(d). As this Court has noted, "discovery has yet to begin." Dkt. 151, p. 10. The discovery plan herein is narrowly tailored to rebut the Defendants' untested and self-serving allegations in an attempt to provide Plaintiffs a reasonable opportunity to present all material that is pertinent to the motion for summary judgment. (*Mattes v. ABC Plastics, Inc.*, 323 f. 3d 695, 697, n. 4 (8th Cir. 2003); *Brooks v. Midwest Heart Grp.*, 655 f. 3d 796, 800 (8th Cir. 2011).) Plaintiffs note that this is without prejudice to undertaking other and further discovery at a later time as permitted by the Court.[1]

---

[1] Although Plaintiffs submit this request in conformity with this Court's order, Plaintiffs assert that we should be able to conduct full written discovery and depositions of all pertinent Defendants, Defendant-affiliated persons and third parties from the outset. Should additional discovery be granted to the Defendants, Plaintiffs request similar additional discovery.

**Entities and individuals to be deposed**

1. Sheriff Chad Kaiser
2. Sheriff Kyle Kirchmeier
3. Lt. Glen Ternes (Specially deputized by Morton County)
4. Fed. R. Civ. P. 30(b)(6) deposition of Morton County designee
5. Fed. R. Civ. P. 30(b)(6) deposition of City of Mandan designee

**Third parties to be subpoenaed for depositions**

1. Fed. R. Civ. P. 30(b)(6) deposition of TigerSwan, LLC designee

2. Terry Van Horn, Intelligence Specialist and Coordinator, Law Enforcement Coordinating Committee for the District of North Dakota

**Parties to be served interrogatories and requests for production**

1. Morton County
2. City of Mandan
3. Stutsman County

**Additional discovery**

**A. Need for additional written discovery**

The Court has ordered that up to five individuals or entities may be served with 12 interrogatories and 12 requests for production of documents, per entity. Plaintiffs have narrowed their written discovery to three municipal entities, but

request they be allowed to serve up to 20 interrogatories and 30 document requests as to each of these three defendant entities.

It is essential that Plaintiffs be able to obtain discovery sufficient to test the basis for and veracity of Defendants' many contentions in their Motion to Dismiss, now converted to a Motion for Summary Judgment, at the Defendants' depositions. As a basis for dismissal Defendants asked the court to take "judicial notice" of 23 assertions it claims are undisputed facts, many of which further include multiple subparts and are, in fact, disputed assertions. Defendants also cite 30 so-called "admissions" from Plaintiffs' declarations, including many which it derives from multiple declarations, but Plaintiffs contend that these are mischaracterized and disputes these as well.

Defendants put forward additional disputed assertions to defend their use of indiscriminate and brutal force against water protectors, including claims that the area upon which water protectors were present was closed to pedestrian use, claims that persons subject to Defendants' force were not engaged in First Amendment protected activity, claims that some persons undertook illegal acts and further that any such acts justified force against other persons at other times and places, and claims that all persons who were subject to Defendants' use of force were provided audible orders and warnings.

There were a number of agencies involved on November 20, 2016. As a result, there are varied and extensive types of reports, video and audio recordings, and communications records that would typically document these matters in such a multi-agency law enforcement response to a crowd incident like the one at issue in

this case, including real-time documentation through the Tactical Operations Center and Joint Operations Command Center.

By way of example, Defendants claim that Backwater Bridge was closed to pedestrians. To challenge this claim, Plaintiffs need to be able to request all the documents that relate to the basis for this alleged order, the testing of the bridge, public notice of the closure, any and all signage Defendants seem to claim existed, citations issued to pedestrians on the bridge, and communications among all the many agencies involved with this closure, Standing Rock Sioux Tribe, camp residents, and local businesses.

Additionally, Defendants make detailed claims of unlawful behavior during several prior incidents on other dates that they apparently contend informed and justified law enforcement's use of force during the instant incident. Because Defendants raise these allegations as a basis to dismiss Plaintiffs' claims, Plaintiffs must be able to explore the veracity of these allegations and moreover how these alleged incidents impacted the decisions to act against the Plaintiffs. These incidents would also have generated a number and variety of types of reports, recordings, and communications before, during and after these operations and Plaintiff will need this discovery to respond to the Motion for Summary Judgment.

As one more example of discovery needed, Defendants claim to have used force properly and with restraint on the bridge. Yet, the weapons that Defendants used were indiscriminate and dangerous. Plaintiffs should be able to inquire into the specific types of weapons used and the policies and training given to the involved officers on these weapons as well as to obtain operations manuals including use warning advisories and the propriety of using these weapons against groups of

persons engaged in First Amendment activities. Publicly disclosed information indicates that some Defendants were working on behalf of and/or at the direction of and/or in joint action with private entities who had a pecuniary motivation to suppress First Amendment activity in opposition to DAPL and additionally to create and spread disinformation to demonize water protectors.  This collaboration raises serious questions about the conduct and decisions made in carrying out the assault on Plaintiffs on November 20, 2016, may tend to show decisions made were in support of these pecuniary interests, rather than security or safety needs, and further that information used to support these actions is from unreliable sources. These are just a few examples showing the necessity for a larger number of written discovery requests.

## B. Possible Need for Additional Depositions

Plaintiffs anticipate a possible need for additional depositions of party-affiliated and non-party witnesses, depending on the evidence adduced by the currently allowed discovery. Normally, Plaintiffs' counsel would conduct full written discovery prior to determining which defendants and third parties are most important to depose. Written discovery would normally also lead to naming additional defendants whose identities are currently unknown. Depending on the responses to the initial requests, we may discover the identities of key individuals who have information necessary to explore in order to refute Defendants' factual contentions. Individuals who have not yet been named as Defendants appear to have played key roles in the events. As an illustration of this, we attach a publicly available document, Exhibit A, which shows a very complex command structure in place at the time of this incident. Plaintiffs' counsel do not presently have enough

information to determine which of the individuals listed in this document have pertinent information on Defendants' key factual assertions.

Additionally, we would like to alert the Court that we have named the five individuals or entities we currently believe we need to depose based on the information we have at this time. We are cognizant of the fact that the additional written discovery we receive may cause us to need to change the individuals we need to initially depose. We request that the Court be willing to allow us to raise the possibility of changing the specific individuals to depose once we have obtained and reviewed written discovery.

Mindful of the Court's order for limited discovery, Plaintiffs are endeavoring to uncover crucial information and evidence within the parameters set by the Court. However, Plaintiffs are aware that additional follow-up information that is directly tied to the matters in dispute in this dispositive motion briefing may be necessary based on responses obtained. Plaintiffs propose that should additional discovery appear necessary, that this Court authorize us to be given leave to request such discovery.

Dated: September 17, 2020          Respectfully submitted,

/S/ Rachel Lederman, CA SBN 130192
Rachel Lederman & Alexsis C. Beach, Attorneys
558 Capp Street, San Francisco, CA 94110
(415) 282-9300
rachel@bllaw.info

Mara Verheyden-Hilliard
Partnership for Civil Justice Fund
617 Florida Avenue NW, Washington, D.C. 20001
202-232-1180
mvh@justiceonline.org

Melinda Power
West Town Law Office,
2502 W. Division, Chicago, Il. 60622
773-278-6706
melindapower1@gmail.com

Janine Hoft, IL SBN 6188139
People's Law Office
1180 N. Milwaukee Ave, Chicago IL, 60642
773-235-0070
janinehoft@gmail.com



EXHIBIT A