## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Vanessa Dundon, Jade Kalikolehuaokalani Wool, Crystal Wilson, David Demo, Guy Dullknife, III, Mariah Marie Bruce, Frank Finan, Israel Hoagland-Lynn, and Noah Michael Treanor, on behalf of themselves and all similarly-situated persons,<br><br>Plaintiffs,<br><br>vs.<br><br>Kyle Kirchmeier, Morton County, City of Mandan, Jason Ziegler, Stutsman County, Chad Kaiser, and Does 1-100,<br><br>Defendants. | Civil No.: 1:16-cv-406 |

## ORDER FOR LIMITED DISCOVERY

[¶1]     THIS MATTER comes before the Court to address the scope of the parties' Rule 56(d) limited discovery in relation to the Defendants' converted Motion for Summary Judgment. On September 10, 2020, the Court issued an Order Converting the Defendants' Motion to Dismiss into a Motion for Summary Judgment, deferring a ruling on the same, and Granting the Plaintiffs' Request to Conduct Discovery Pursuant to Rule 56(d). Doc. No. 151. Pursuant to the Court's Order, both parties were required to provide a report to the Court outlining their respective requested discovery plans pursuant to the Court's guidelines on the same. Id.  Both parties submitted their discovery plans on September 17, 2020. Doc. Nos. 152, 153.

1

[¶2]     The Court has reviewed the record and the parties' respective discovery plans and arguments. The Court begins by noting that while there are a number of Plaintiffs, Defendants, and asserted claims, many of the documents are already in the record. The Court previously refused to consider them for purposes of ruling on Summary Judgment until the Plaintiffs had a chance to avoid summary disposition by responding to the pending Motion for Summary Judgment. The Court continues to believe only additional limited discovery is needed to resolve the Defendants' converted Motion for Summary Judgment.

[¶3]     The Defendants' converted Motion for Summary Judgment narrows what factual disputes are present for purposes of resolving their Motion.  A majority of the Plaintiffs' claims may turn on the determination of the following: (1) whether the Plaintiffs had a lawful right to be present where they were allegedly exercising their First Amendment rights when force was allegedly applied to them; (2) whether protestors were engaging in unlawful and/or threatening conduct before alleged force was used; (3) the type and amount of alleged force applied; and (4) the types of warnings and/or orders, if any, the law enforcement gave to the protestors prior to the use of alleged force, among a small number of other possible factual disputes. Because the purpose of this discovery is to allow the Plaintiffs an opportunity to respond to these specific factual disputes in the Defendants' Motion for Summary Judgment, only limited discovery is appropriate. Accordingly, the Court will **ORDER** limited discovery as follows:

1. **DEPOSITIONS**

[¶4]     Pursuant to the Court's September 10, 2020, Order, each party was to provide the name of each individual or entity (not to exceed five (5)) they seek to depose. Doc. No. 151, p. 12, ¶26. The Defendants did not provide such a list, instead requesting the Court to allow them to depose all nine named Plaintiffs and an additional five (5) third parties. Doc. No. 152. The Plaintiffs have

identified five individuals and entities they seek to depose including Sheriff Chad Kaiser, Sheriff Kyle Kirchmeier, Lt. Glen Ternes (Specially deputized by Morton County), a Morton County designee, and a City of Mandan designee. Doc. No. 153, p. 2.

[¶5]     Both parties argue more depositions are needed in this matter. Defendants argue if they are limited to five depositions, this will preclude them from being able to depose third-party witnesses to the events because they may need to use their five deposition allotments to depose some of the nine named Plaintiffs. Doc. No. 152. The Plaintiffs assert written discovery may uncover the identities of unknown individuals or defendants they may wish to depose later.

[¶6]     Upon review of the record, the Court notes the Plaintiffs filed over forty (40) declarations in support of their Motion for Preliminary Injunction. Doc. Nos. 14, 81. These declarations include statements from not only the nine named Plaintiffs, but other protestors witnessing and/or participating in the events on November 20, 2016. In their initial Motion to Dismiss, the Defendants relied upon facts embedded in these declarations to support their arguments that the Plaintiffs' claims were not viable. While the Court refused to consider these declarations on the original motion to dismiss, the Court is free to consider these declarations now on the converted Motion for Summary Judgment. On this basis, the Court is not persuaded that the Defendants need to depose all nine Plaintiffs and an additional five non-party witnesses. As noted below, the Defendants may use their two (2) allotted subpoenas to depose third-parties in lieu of using the subpoenas to obtain documents from third-parties, which the Plaintiffs have indicated they intend to do.

[¶7]     Along these same lines, the Court is not persuaded the Plaintiffs need to depose more than five (5) total individuals or entities, aside from the two third-parties they intend to subpoena for depositions. The Plaintiffs have alleged Sheriffs Kaiser and Kirchmeier, as  "authorized

policymakers" of the respective counties they preside over, "set in motion, supervised, directed, approved, ratified and acquiesced in officers' constitutional violations at the November 20, 2016, demonstration, including but not limited to, the use of indiscriminate and excessive force and deprivation of the plaintiffs' First Amendment rights by Morton County officers and officers of other jurisdictions providing mutual aid." Doc. No. 1, ¶¶16, 20. The Plaintiffs have indicated they intend to depose Sheriffs Kaiser and Kirchmeier, Lt. Glen Ternes, a designee of Morton County and a designee of the City of Mandan. Doc. No. 153, p. 2. Some, if not all, of these individuals may have pertinent information regarding policies related to the officers' less lethal weapons, which weapons were used that night, who used them, if those officers were trained in the different types of weapons, information relied upon to justify the use of alleged force, etc.

[¶8]      On this basis, the Court will allow the Defendants, as a group, and the Plaintiffs, as a group, to depose five (5) total individuals or entities, aside from those who the parties intend to subpoena through their two (2) subpoena allotments. In addition, the Plaintiffs have requested the opportunity to change the identities of their five (5) chosen individuals or entities to depose in the event the written discovery they receive compels them to need to change the identities. The Court will allow the parties to change the identity of the individuals or entities they intend to depose, so long as all discovery is completed by the forthcoming limited discovery deadline, which will be set by the Court after a status conference is held with the parties to discuss the same.

## 2.  **SUBPOENAS**

[¶9]      Pursuant to the Court's September 10, 2020, Order, each party was to provide the name of each individual or entity (not to exceed two (2)) they seek to subpoena. Doc. No. 151, p. 12, ¶26. The Plaintiffs have indicated they intend to subpoena for depositions a TigerSwan, LLC designee pursuant to Federal Rule of Civil Procedure 30(b)(6) and Terry Van Horn, Intelligence

Specialist and Coordinator, Law Enforcement Coordinating Committee for the District of North Dakota. Doc. No. 153, p. 2. The Defendants have asserted they intend to subpoena records and documents from Unicorn Riot and Myron Dewey. Doc. No. 152, p. 2.

[¶10]    The Court will allow the Plaintiffs, as a group, and the Defendants, as a group, to subpoena two (2) third parties for either depositions or for records and documents. However, the Court reminds the parties to be cognizant when subpoenaing third parties that the purpose of this limited discovery is to resolve the specific factual disputes raised in the Defendants' converted Motion for Summary Judgment, not to engage in general discovery of a potential underlying claim. While Rule 30(b)(6) allows a party to subpoena an organization for deposition, the Court reminds the parties the subpoena "must describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). Again, the Court understands the parties may wish to change the identities and mode of subpoena, i.e. deposition or for records and documents, of the two (2) individuals or entities. The Court will allow the parties to change the identity of the individuals or entities they intend to subpoena, so long as all discovery is completed by the forthcoming limited discovery deadline, which will be set by the Court after a status conference is held with the parties to discuss the same.

### 3.   INTERROGATORIES AND PRODUCTION OF DOCUMENTS

[¶11]    Pursuant to the Court's September 10, 2020, Order, each party was to provide a list of each individual or entity (not to exceed five (5) individuals or entities, including named parties) to be served with interrogatories and production of document requests (not to exceed twelve (12) in total, including subparts). Doc. No. 151, p. 12, ¶26.

[¶12]    The Plaintiffs request instead of being allowed to serve five (5) individuals or entities with interrogatories and production of document requests (not to exceed 12 each including

subparts) that they be allowed to serve three (3) entities with twenty (20) interrogatories and thirty (30) production of document requests each. Doc. No. 153, p. 2. These three entities include Morton County, City of Mandan, and Stutsman County. Id. The Court will grant the Plaintiffs' request. However, the Court reminds the Plaintiffs again that the purpose of this limited discovery is to respond to the arguments already raised in the Defendants' converted Motion for Summary Judgment, not to engage in general discovery of a potential underlying claim.

[¶13]     The Defendants request to be able to serve interrogatories and production of document requests on all nine Plaintiffs "in order to analyze the legal claims against the respective defendants, and each plaintiffs' claimed damages." Doc. No. 152, p. 1. However, the Court finds it unnecessary for the Defendants to send 12 interrogatory questions and 12 production of document requests to each of the nine named Plaintiffs. The Amended Complaint, previously filed declarations of the named-Plaintiffs, and other documents in the record outline each Plaintiffs' version of the events, claims, and alleged injuries. It is the Defendants' decision as to which of the Plaintiffs need to be served with these discovery requests, but the Court will only allow five (5) sets (not to exceed 12 interrogatories and 12 production of document requests, including subparts for both) to be served in total. The Court will, however, extend the Plaintiffs' plan of sending discovery requests to three individuals or entities, to include twenty (20) interrogatories and thirty (30) production of document requests to the Defendants if they so wish.

## CONCLUSION

[¶14]     The Court understands the parties possible desire to utilize the discovery procedures to conduct a full investigation of all matters in this case, and had this case progressed in the normal course, that may be permissible and encouraged. Here, however, the Court must remind the parties the pertinent issues for purposes of this converted Motion for Summary Judgment have already

been asserted and narrowed. Therefore, the Court must also narrow the scope of discovery to ensure the Court is only considering those facts and arguments relevant to this specific Motion. "Rule 56(d) . . . allows a court, on a proper motion for summary judgment, to frame and narrow the triable issues if the court finds that such an order would be helpful to the progress of the litigation." Capitol Records, Inc. v. Progress Record Distrib., Inc., 106 F.R.D. 25, 29–30 (N.D. Ill. 1985). The Court will schedule a status conference with the parties following this Order to discuss deadlines for this limited discovery and other pertinent deadlines.

[¶15]    In conclusion, the Court **ORDERS** limited discovery as follows:

  a. The Plaintiffs, as a group, and the Defendants, as a group, shall be allowed to conduct (5) total depositions of individuals or entities, excluding those in (b).
  b. The Plaintiffs, as a group, and the Defendants, as a group, shall be allowed to serve two (2) total subpoenas, either for third-party depositions or for records and documents.
  c. The Plaintiffs, as a group, and the Defendants, as a group, shall be allowed to serve three (3) total individuals or entities with twenty (20) interrogatories and thirty (30) production of document requests OR five (5) total individuals each with twelve (12) interrogatories and twelve (12) production of document requests.

[¶16]    **IT IS SO ORDERED.**

DATED September 21, 2020.

Daniel M. Traynor, District Judge
United States District Court