IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

Civil No. 1:16-CV-00406

| | |
|---|---|
| Vanessa Dundon, Crystal Wilson, David Demo, Guy Dullknife III, Mariah Marie Bruce, Frank Finan, and Noah Michael Treanor, <br><br>on behalf of themselves and all similarly-situated persons, <br><br>Plaintiffs, <br><br>vs. <br><br>Kyle Kirchmeier, Morton County, City of Mandan, Jason Ziegler, Stutsman County, Chad Kaiser, and Does 1-100, <br><br>Defendants. | **DEFENDANTS KYLE KIRCHMEIER, MORTON COUNTY, CITY OF MANDAN, JASON ZIEGLER, STUTSMAN COUNTY, AND CHAD KAISER'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL TIGERSWAN TO PRODUCE ADEQUATELY PREPARED DESIGNEES FOR DEPOSITION** |

\*\*\*       \*\*\*       \*\*\*

Defendants Kyle Kirchmeier, Morton County, City of Mandan, Jason Ziegler, Stutsman County, and Chad Kaiser ("Defendants") hereby respond to Plaintiffs' *Motion To Compel Tigerswan to Produce Adequately Prepared Designees for Deposition and For Sanctions* (doc. 250) ("Plaintiffs' Motion"). For the reasons discussed below, the Court should deny Plaintiffs' Motion

As the Court is aware, this civil action pertains only to the events occurring on November 20-21, 2016 at the Backwater Bridge. The TigerSwan deposition topic one essentially summarizes the nature of the information Plaintiffs sought from TigerSwan, and provides: "TigerSwan's personnel and/or its agents' and/or contractors' role, participation, activities and/or presence at or near the Backwater Bridge and in any and all events occurring on November 20th through 21st,

1

2016, as referenced in the attached complaint, including covert, undercover and war infiltrator activities." TigerSwan unequivocally denied any such involvement, as follows:

> Q. Topic one is identified as "TigerSwan's personnel and/or its agents' and/or contractors' role, participation, activities and/or presence at or near the Backwater Bridge and in any and all events occurring on November 20th through 21st, 2016, as referenced in the attached complaint, including covert, undercover and war infiltrator activities". With regard to topic one, what efforts did you undertake to seek out and obtain the information possessed by TigerSwan with regard to this topic?
>
> A. I didn't need to do any research on that.
>
> Q. Why did you not need to do research on that?
>
> A. Because the topic, as it is written, wants to know about our activities related to the incident between November 20 and 21st, 2016, as attached. We had no activity with regard to Backwater Bridge.
>
> Q. So is it TigerSwan's position that they had no personnel involved in any of the events occurring on November 20th through 21st as referenced in the complaint that you've acknowledge that you have reviewed?
>
> A. Yes, ma'am. That's our position. That was a law enforcement action.
>
> Q. Did you have any personnel or agents or contractors who were at that time undercover or infiltrating among the demonstrators at the Standing Rock protests overall?
>
> A. To the best of my knowledge and the knowledge of the company, the answer to that question is no.
>
> Q. When did you first have personnel infiltrating the protests at Standing Rock?
>
> A. I don't understand the word "infiltrate".
>
> Q. Did you at any time have personnel who posed as protestors and spent time among the protestors who were at Standing Rock in 2016?
>
> A. To the best of my knowledge, TigerSwan did not.
>
> Q. Did some other entity that you're aware of have persons posing as protestors and spending time among the protestors at Standing Rock in 2016?
>
> A. I and TigerSwan are not specifically aware of any action that may have been taken by another entity, specifically law enforcement.

….

Q. So it's your testimony under oath that TigerSwan did not have any personnel who engaged in such activities at Standing Rock?

A. That's my testimony. Yes, ma'am.

Q. That's TigerSwan's testimony?

A. That's TigerSwan's testimony. Yes, ma'am.

(TigerSwan Depo. [doc. 248] at pp. 22-26.)

TigerSwan's denial of activity with regards to the events at the Backwater Bridge on November 20-21, 2016, at issue in this case, is consistent with the testimony of Morton County and the City of Mandan. A City of Mandan representative testified as follows:

Q:   Did you ever receive any briefing information from TigerSwan or any associated personnel related to the water protectors or the protesters?

A.   Are you asking specifically to TigerSwan or are you asking overall?

Q.   From TigerSwan.

A.   I received no information directly from TigerSwan.

Q.   And did the City of Mandan?

A.   Not to my knowledge.

Q.   Did the City of Mandan coordinate security in any way with any private security entities that were working on behalf of Energy Transfer?

A.   We did not coordinate with them.

Q.   Did you communicate with them?

A.   I had conversations with them, but I never coordinated any of our plans with them.

(Mandan Depo. [doc. 206] at 295-96.)

Q. (MS. VERHEYDEN-HILLIARD CONTINUING) Are you able to identify or do you know of the existence of any persons present within the crowd on the night of the 20th

3

> into the 21st who were personnel operating at the behest of Energy Transfer Partners or TigerSwan or any other entity?
>
> A. I do know that TigerSwan and/or the security firm from North Dakota were around the -- the drill site -- drill site or excavation areas. I know of no knowledge of them being within the crowds.

(Mandan Depo. [doc. 206] at p. 326.) Similarly, a Morton County representative testified as follows:

> Q. And did Morton County have any communication with third-party sources, informants or infiltrators?
>
> A. There were none, no. I believe that Sheriff Kirchmeier already provided an affidavits as well as Chief Ziegler. Even at the time – even heading out of that period of time, we were not aware that the FBI had any informants even, and we definitely did not.
>
> Q. Were you aware that TigerSwan had placed people within the camp pretending to be protesters and seeking to sow discord and dissension?
>
> A. No, I'm not aware of that. I am aware of claims of that, and I do remember one individual who was hogtied and left on the outskirts of one of the camps and was picked up, I believe it was by BIA, and transferred custody to Morton County. He was interviewed and he was a protester, but for some reason they were suspicious of him and he had been – he did not work for private security. My recollection is he lived in Minot, North Dakota and had come down specifically for the protest but he struck people as weird or something, so he was hogtied and left on the edge of the camp.
>
> Q. That's nonresponsive to my question. I asked with regard to TigerSwan and the fact of its infiltration and its derogatory information and the false statements that it is documented as having made. Did Morton County have any awareness or reliance on any information coming from TigerSwan?
>
> A. No, I don't remember any communications from TigerSwan. And I definitely don't know any identities or any information that would have been passed on by any informants that they would have had. I don't know if they had any.

(Morton County Depo. [doc. 239-10] at 236-36.) Further, both Sheriff Kirchmeier and Chief Ziegler previously filed their affidavits in this case testifying City of Mandan and Morton County have "no knowledge regarding the existence of any persons present within the crowd among the

4

Plaintiffs in the above-entitled action who were plain-clothed officers, undercover officers, confidential informants, security or other personnel operating at the behest of Energy Transfer Partners or TigerSwan or any other entity, and/or agents provocateur. No person, on behalf of [City of Mandan or Morton County], engaged in any such activity[] and have "no knowledge regarding the identification of any persons present within the crowd among the Plaintiffs in the above-entitled action who were plain-clothed officers, undercover officers, confidential informants, security or other personnel operating at the behest of Energy Transfer Partners or TigerSwan or any other entity, and/or agents provocateur." (Doc. 210 at ¶¶ 2-3; doc. 211 at ¶¶ 2-3.)

Mr. Sweeney's testimony on behalf of TigerSwan regarding TigerSwan's lack of involvement with the events of November 20-21, 2016 at the Backwater Bridge is consistent with the testimony of Defendants in this case. No testimony has been presented by anyone in this case to establish TigerSwan's involvement with the events at issue in this case. Plaintiffs' attempt to portray Mr. Sweeney's testimony as evasive or incomplete on the basis of semantics is without merit and Mr. Sweeney fully and directly responded to the topics presented. Plaintiffs are simply unhappy with the substantive responses received. Considering TigerSwan's lack of involvement with respect to the Backwater Bridge events of November 20-21, 2016, further questioning of TigerSwan would not reveal any information relevant to the issues before the Court on Defendants' pending converted summary judgment motion. Plaintiffs' Motion should be denied on this basis alone.

In addition, Plaintiffs' request that this Court order Energy Transfer LP ("ETP") to make available its private confidential records to Plaintiffs' counsel should be denied as a fishing expedition. ETP is not a party to this action and has been afforded no opportunity to respond to

5

Plaintiffs' request for discovery from it.  As discussed above, Morton County and City of Mandan deny any knowledge of ETP or TigerSwan, or other private security organization, having any involvement with respect to the events on November 20-21, 2016, including in relation to any alleged infiltration or inside informants.  The deadline for completion of discovery has already expired.  In addition, Plaintiffs fully utilized all discovery allowed them by the Court.  Plaintiffs have always been fully aware of ETP's existence and involvement with respect to the DAPL project as a whole, yet chose not to pursue discovery from ETP.  Further, Defendants' supplemental briefing on their converted motion for summary judgment is currently pending before the Court, filed on June 25, 2021 (doc. 238).  Plaintiffs' improper attempt to further expand the quantity and scope of permitted discovery beyond the established limits and deadlines are an apparent attempt to forestall the Court's consideration of the pending dispositive motion, and should not be condoned.

    Plaintiffs' assertion there allegedly exists a conflict of interest as a result of the undersigned's firm simultaneously performing work for ETP and Defendants is without merit, and has no relevance to the Plaintiffs' pending motion to compel.  ETP is not a party to this action.  Plaintiffs also lack standing to assert any alleged conflict of interest as between ETP and Defendants to begin with.  In addition, there is no conflict as between Defendants and ETP in relation to the claims at issue in this lawsuit, or otherwise.

    For the foregoing reasons, Plaintiffs' Motion should be denied.

    Dated this 7th day of July, 2021.

                                     BAKKE GRINOLDS WIEDERHOLT

                                     By:     */s/ Shawn A. Grinolds*
                                           Randall J. Bakke (#03989)

                Shawn A. Grinolds (#05407)
                Bradley N. Wiederholt (#06354)
                Special Assistant State's Attorneys for Morton and Stutsman Counties
                300 West Century Avenue
                P.O. Box 4247
                Bismarck, ND 58502-4247
                (701) 751-8188
                rbakke@bgwattorneys.com
                sgrinolds@bgwattorneys.com
                bwiederholt@bgwattorneys

                Attorneys for Defendants Kyle Kirchmeier, Morton County, City of Mandan, Jason Ziegler, Stutsman County, and Chad Kaiser

Brief in Response – Pls Mtn to Compel TS

**CERTIFICATE OF SERVICE**

I hereby certify that on July 7, 2021, a true and correct copy of the foregoing **DEFENDANTS KYLE KIRCHMEIER, MORTON COUNTY, CITY OF MANDAN, JASON ZIEGLER, STUTSMAN COUNTY, AND CHAD KAISER'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL TIGERSWAN TO PRODUCE ADEQUATELY PREPARED DESIGNEES FOR DEPOSITION** was filed electronically with the Clerk of Court through ECF.

ATTORNEYS FOR PLAINTIFFS VANESSA DUNDON, CRYSTAL WILSON, DAVID DEMO, GUY DULLKNIFE III, MARIAH MARIE BRUCE, AND FRANK FINAN:

Rachel Lederman
Rachel Lederman & Alexsis C. Beach, Attorneys
P.O. Box 40339
San Francisco, CA 94140-0339
rachel@bllaw.info

Melinda Power
West Town Law Office
2502 W. Division
Chicago, IL 60622
Melindapower1@gmail.com

Mara Verheyden-Hillard
Partnership for Civil Justice Fund
617 Florida Avenue NW
Washington, D.C. 20001
mvh@justiceonline.org

Janine Hoft
People's Law Office
1180 N. Milwaukee Ave
Chicago, IL 60642
janinehoft@gmail.com

Natali Segovia
Water Protector Legal Collective
PO Box 37065
Albuquerque, NM 87176
defense@waterprotectorlegal.org
segovia.natali@gmail.com

I further certify that a copy of the foregoing document will be mailed by first class mail, postage paid, to the following non-ECF participants:

PLAINTIFF NOAH MICHAEL TREANOR (PRO SE):

Noah Michael Treanor
71 Cutter Drive
Watsonville, CA 95076
notreanor@csumb.edu


By:  */s/ Shawn A. Grinolds*
           Shawn A. Grinolds