# Hasbrouck, Ben

| | |
|---|---|
| **From:** | Mara Verheyden-Hilliard <mvh@justiceonline.org> |
| **Sent:** | Friday, July 2, 2021 4:20 PM |
| **To:** | Hasbrouck, Ben |
| **Cc:** | Rachel Lederman; Amanda Eubanks; Melinda Power; Janine Hoft; Natali Segovia; Anam Haque |
| **Subject:** | Re: TigerSwan LLC 30(b)(6) Amended Notice |

**[EXTERNAL E-MAIL]**

Ben,

The transcript reflects that TigerSwan's designee repeatedly stated that he lacked core information about TigerSwan's activities as identified in the Topics and had taken no steps to prepare himself as to those activities as specifically identified in the Topics. He made no effort to inquire of any personnel despite their identities being present on the documents he had reviewed in advance of the deposition that were directly related to the Topics including TigerSwan's infiltration operations. TigerSwan's evasiveness was improper including its assertion at the onset that it didn't know what "infiltration" meant despite TigerSwan itself using that term repeatedly in infiltration planning documents, in communications reflecting infiltration, in email communications about retrieving an infiltration operative from a camp, and in after-action materials bragging about its infiltration operations.

The fact that TigerSwan refused to even ask its CEO James Reese as to his knowledge is telling given that Mr. Reese was on the ground in Standing Rock handing out cash to infiltrators and infiltration operations. Instead, as you note below, it used Mr. Sweeney and his professed ignorance of those activities as "better suited" to answer questions - without being prepared with the knowledge of the entity including its very own CEO and founder. This demonstrates plainly the wilful and intentional failure to appear for the deposition as properly prepared with the collective knowledge of the entity.

You and I went over those Topics in advance of the deposition and my inquiry directly followed those Topics as discussed further in that meet and confer.

TigerSwan was asked question after question about its activities at Standing Rock and we were met over and over with obstruction, obfuscation and what appears to be false and misleading statements.

TigerSwan may not simply refuse to prepare for a deposition on properly noticed Topics - including infiltration activities posing as water protectors and its provision of false and derogatory information to law enforcement - and then by having an intentionally presented an unprepared designee claim it lacks knowledge or, worse, make what appear to be false and misleading denials under oath that are directly contradicted by TigerSwan's own documents and communications.

TigerSwan's knowledge cannot be limited or cabined for its convenience to more limited knowledge of Mr. Sweeney whose claimed ignorance was used to refuse to provide responses to deposition testimony. Over and over again, TigerSwan's designee admitted that he did nothing to gather information as to the Topics at hand, that he was testifying as to his knowledge, that he didn't attempt to interview any other personnel and that he was testifying as to what he hypothetically thought might have occurred with no effort to obtain the collective knowledge of the entity as to what actually occurred.

1

**EXHIBIT C**

We request that TigerSwan properly prepare designees for deposition as to the noticed Topics pursuant to its obligations under 30(b)(6) and pay the fees and costs of the prior deposition as it failed to properly appear on June 10th.

```
Mara Verheyden-Hilliard
Partnership for Civil Justice Fund
617 Florida Avenue NW
Washington, DC 20001
202.232.1180 x202
www.JusticeOnline.org
www.ProtestLaw.org
```

On 6/29/2021 2:24 PM, Hasbrouck, Ben wrote:

> Mara,
>
> I'm following up on the TigerSwan subpoena and specifically the Court's questions about whether we can resolve the outstanding issues without formal litigation. We would certainly like to resolve things informally if possible.
>
> I understand you're of the view that TigerSwan's designee wasn't properly prepared, and we certainly disagree with that, as I expressed in my June 28 letter to the Court. I was quite surprised that the deposition concluded with so little asked Mr. Sweeney about what TigerSwan actually did in North Dakota.
>
> It seemed during today's conference with the Court you were suggesting that TigerSwan's preparation for the deposition was inadequate because it did not question or interview its former CEO, James Reese, in preparation for the deposition. Mr. Reese was briefly in North Dakota on only two occasions, has very limited knowledge of day to day activities in North Dakota, and we believe has provided what information he has to TigerSwan. Mr. Sweeney – having personally been on the ground in North Dakota for over a month – was better suited to speak to the topics for examination than would be Mr. Reese.
>
> Arguments aside, we would like to try to resolve the outstanding issues, but frankly are at a loss as to what you want TigerSwan to do, beyond your general assertion to "properly prepare," which we believe TigerSwan did. With that said, the current proceedings cannot be used to generally reopen questioning or expand the topics for examination.
>
> As I said at today's hearing, we will seriously consider any specific requests you have of us, as to questions asked at the deposition that are within the topics for examination (such that TigerSwan had notice plaintiffs were seeking the information).
>
> Regards,
> Ben
>
> 🍃 Please consider the environment before printing this email.
>
> STAFF BIOGRAPHIES   PRACTICE AREAS   CONTACT US
>
> **Fredrikson**
> & BYRON, P.A.
>
> **Benjamin J. Hasbrouck**
>
> bhasbrouck@fredlaw.com

2

**EXHIBIT C**

Direct - 701-237-8204
Fax - 701-237-8220
Main - 701-237-8200

**Fredrikson & Byron, P.A.**
Dakota Center, Suite 400
51 Broadway
Fargo, ND 58102

Download My Contact Info as V-Card
WWW.FREDLAW.COM

**This is a transmission from the law firm of Fredrikson & Byron, P.A. and may contain information which is privileged, confidential, and protected by the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this transmission in error, please destroy it and notify us immediately at our telephone number (701) 237-8200. The name and biographical data provided above are for informational purposes only and are not intended to be a signature or other indication of an intent by the sender to authenticate the contents of this electronic message.**

**From:** Mara Verheyden-Hilliard <mvh@justiceonline.org>
**Sent:** Thursday, June 3, 2021 2:52 PM
**To:** Hasbrouck, Ben <BHasbrouck@fredlaw.com>
**Cc:** Zuger, Aubrey <AZuger@fredlaw.com>; Nowak, Andrea <ANowak@fredlaw.com>; Rachel Lederman <rlederman@beachledermanlaw.com>; Natali Segovia <segovia.natali@gmail.com>; Melinda Power <melindapower1@gmail.com>; janinehoft@peopleslawoffice.com; Shawn Grinolds <sgrinolds@bgwattorneys.com>; Randall Bakke <rbakke@bgwattorneys.com>
**Subject:** TigerSwan LLC 30(b)(6) Amended Notice

[EXTERNAL E-MAIL]

Please find attached the Amended Notice of the 30(b)(6) deposition of TigerSwan.

All counsel who wish to attend, please let me know so that we can forward your emails to the court reporter who will provide a link to the zoom deposition as well as to the document sharing site.

Ben, can you send an email for the designee(s) as well to give to the reporter as the links are personalized.

Thanks,

Mara

```
Mara Verheyden-Hilliard
Partnership for Civil Justice Fund
617 Florida Avenue NW
Washington, DC 20001
202.232.1180 x202
www.JusticeOnline.org
www.ProtestLaw.org
```

**EXHIBIT C**